In the Matter of the TOWN OF ARIETTA et al., Appellants, *v.* STATE BOARD OF EQUALIZATION AND ASSESSMENT et al., Respondents.

Third Department, December 1, 1971.

*Steates & Remmell* (*Earle C. Bastow* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Lawrence Wayne* and *Ruth Kessler Toch* of counsel), for respondents.

REYNOLDS, J. P. This is an appeal from a judgment of the Supreme Court, Albany County dismissing appellants' petition brought pursuant to article 78 of the CPLR to review a determination of the respondent State Board of Equalization and Assessment of the State of New York.

Appellants in this proceeding seek, pursuant to section 545 of the Real Property Tax Law and section 3 of chapter 269 of the Laws of 1962 as amended by chapter 802 of the Laws of 1968, to compel respondent to establish total effective assessments of State-owned lands on the 1968 assessment rolls of the petitioning towns in such amounts as will equal the total effective amounts of State-owned lands on the assessment rolls of such towns completed in the year 1967. Special Term dismissed the petition holding that the respondents' action was legislative in nature and therefore not subject to review in a proceeding brought under article 78 of the CPLR. On this appeal appellants claim that even if the board's action is legislative, review is possible under the holding in *Matter of Guardian Life Ins. Co. of Amer.* v. *Bohlinger* (284 App. Div. 110, affd. 308 N. Y. 174). We concur in their position. While as a general proposition legislative actions are not reviewable by article 78 proceedings (23 Carmody-Wait 2d, New York Practice, § 145:22, p. 466) there still remains a residuum of judicial right to determine if there has been action in excess of delegated authority or in disregard of standards prescribed by the Legislature (*Matter of Guardian Life Ins. Co. of Amer.* v. *Bohlinger, supra; Matter of Village of Old Field* v. *Schuyler,* 16 A D 2d 496, 500). Here the petition alleges the board in failing to maintain the total effective assessment of 1967 in the year 1968, violated the mandate of section 545 of the Real Property Tax Law, as amended in the Laws of 1968, and thus acted "unlawfully, erroneously and illegally" and "arbitrarily, capriciously, unreasonably and inequitably". Thus there is a question raised in this case as to the proper interpretation of the statute and, therefore, Special Term should not have dismissed the petition on the ground that article 78 was not available.

Respondents urge, however, that even if article 78 review is available appellants are not aggrieved by its actions and thus have no standing to maintain the instant proceeding. For the purposes of the motion to dismiss the petition only the allegations of the petition may be considered and the petition is to be construed most favorably for the petitioner (24 Carmody-Wait 2d, New York Practice, § 145:315, p. 147). In light of the rule that the allegations are to be considered true and the lack of substance in the board's affidavit in support of the motion to dismiss, we cannot agree with respondents' argument. Appellants do not

seek to challenge the constitutionality of the statute but the legality of administrative action thereunder. Such a challenge by these appellants is clearly permitted (*Bloom* v. *Mayor of City of N. Y.*, 35 A D 2d 92).

Accordingly, the judgment appealed from should be reversed, the petition reinstated and the matter returned to Special Term for further proceedings not inconsistent herewith.

The judgment should be reversed, on the law and the facts, and the matter remanded to Special Term, Albany County, for further proceedings not inconsistent herewith, with costs to abide the event.

AULISI, STALEY, JR., SWEENEY and SIMONS, JJ., concur.

Judgment reversed, on the law and the facts, and matter remanded to Special Term, Albany County, for further proceedings not inconsistent herewith, with costs to abide the event.