■ In the Matter of the Town of Arietta et al., Appellants, v State Board of Equalization and Assessment et al., Respondents. (And 10 Other Proceedings.) — Appeal from an order and judgment of the Supreme Court at Special Term, entered December 14, 1979 in Albany County, which granted respondents' motion to dismiss petitioners' applications, in proceedings pursuant to CPLR article 78, to review determinations of respondent State Board of Equalization and Assessment, and denied petitioners' cross motion for summary judgment. In these 11 article 78 proceedings, the petitioners are the Towns of Arietta, Benson and Lake Pleasant, all located in Hamilton County, and their respective supervisors, who petition both individually and in their official capacities. Seeking judgments directing respondent State Board of Equalization and Assessment (hereinafter SBEA) to establish full transition assessments for the towns in accordance with the terms and procedures set forth in section 545 of the Real Property Tax Law, petitioners contend that SBEA failed to comply with the statute's procedures with the result that the towns' total effective assessments for the years 1968 through 1978 were improperly decreased. First enacted in 1960 (L 1960, ch 871, § 1), section 545 provides a procedure for the taxation of, *inter alia,* State-owned wild and forest lands within the petitioning towns whereby the lands are to be assessed at a lower rate than in previous years with transition assessments provided so as to soften the statute's financial impact on the municipalities involved. Calculated by SBEA after the towns

submit their assessment rolls, these transition assessments are basically a form of State aid to the towns which is designed to "prevent any loss of taxable assessed valuation on the assessment roll for the first year affected" by the reduction in assessments on the taxable State lands under the statute (Real Property Tax Law, § 545, subd 1). For each year from 1962 through 1973 the provision requiring the fixing of transition assessments was re-enacted by the Legislature in an obvious attempt to forestall the effect which the reduction in the assessed value of the State-owned lands would have upon the towns' real property tax receipts. Nonetheless, as alleged in petitioners' applications for relief in the instant proceedings, SBEA disregarded the plain intent of these repeated re-enactments and instead fixed transition assessments which decreased the towns' total effective assessments in relation to the analogous totals for the previous years. Seeking to avoid these decreases, petitioners annually instituted these article 78 proceedings which were held in abeyance pursuant to stipulations and ultimately placed on the calendar of Supreme Court in Albany County for September of 1979. As noted above, Special Term thereafter denied petitioners' motion for summary judgment and dismissed the petitions, and this appeal followed. We now hold that the order and judgment appealed from should be reversed. In so ruling, we would initially note that the proceeding relative to the transition assessments for 1968 was previously before this court, and in our decision therein we concluded, *inter alia,* that petitioners' pleadings were legally sufficient and stated a justiciable cause of action. Under those circumstances, we held that an article 78 proceeding was available to petitioners for a proper interpretation of section 545 and, accordingly, that their petition should not have been dismissed (see *Matter of Town of Arietta v State Bd. of Equalization & Assessment,* 37 AD2d 431, app dsmd 30 NY2d 771). At this juncture, we see no reason to alter this holding, and Special Term's redetermination of the issue was improper and precluded under the doctrine of law of the case (cf. *Goldenberg v City of New York,* 43 AD2d 861; *Hornstein v Podwitz,* 229 App Div 167, affd 254 NY 443). Similarly, the remaining 10 petitions relating to subsequent years should not have been dismissed because the causes of action asserted therein are essentially the same as those contained in the petition for 1968 and respondents' grounds for dismissal are also the same as for the 1968 proceeding. As for *City of Mount Vernon v State Bd. of Equalization & Assessment* (44 NY2d 960), upon which Special Term relied in dismissing the instant petitions, we find that the court's reliance thereon was misplaced and that that case is fully distinguishable from the situation here. That case involved review of particular special franchise tax assessments on individual properties, and as correctly noted by the Court of Appeals, article 7 of the Real Property Tax Law provides the sole avenue for judicial review of such assessments. In the case at bar, however, we are concerned with transition assessments which, although they are to be treated as taxable assessed valuation on assessment rolls (Real Property Tax Law, § 545, subd 4), are really a form of State aid calculated not by assessments of individual properties, but by arithmetic computations involving the total assessments of State-owned lands in the petitioning towns for successive years. Such being the case, petitioners are actually seeking in these proceedings a proper interpretation of a statute, i.e., whether the method of computation of transition assessments adopted by SBEA complied with the standards contained in section 545, and this issue is clearly appropriate for article 78 review *(Matter of Town of Arietta v State Bd. of Equalization & Assessment, supra).* Moreover, it should also be noted in this regard that taxing entities, such as the petitioning towns

whose State aid is affected thereby, are the only parties likely to seek review of SBEA's transition assessments, and since they are precluded from seeking such review under article 7 *(City of Mount Vernon v State Bd. of Equalization & Assessment, supra),* article 78 proceedings provide a viable means for testing the legality of SBEA's actions (cf. *Bloom v Mayor of City of N.Y.,* 35 AD2d 92, affd 28 NY2d 952). Lastly, we consider petitioners' summary judgment motion which relates solely to the 1968 proceeding and find that it should have been granted. In that proceeding, no factual issues are raised and only a question of statutory interpretation is presented. Regarding that issue, as noted above, the unambiguous language of section 545 and its repeated re-enactments conclusively establish that petitioners' construction of the statute is correct and that SBEA wrongfully fixed the subject transition assessments so as to decrease the towns' total effective assessments. Under these circumstances, petitioners are entitled to summary judgment directing SBEA to establish transition assessments for the petitioning towns with respect to the 1968 assessment rolls in such amounts as will provide the towns with total effective assessments of State-owned lands in amounts equaling the corresponding total effective assessments on the assessment rolls for 1967. Order and judgment reversed, on the law, without costs, and petitions reinstated; petitioners' cross motion for summary judgment with respect to the 1968 proceeding granted, and matter remitted to Special Term for further proceedings not inconsistent herewith. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.