OPINION OF THE COURT
Lawrence E. Kahn, J.
In this article 78 proceeding, petitioners seek to review and annul the respondent’s assessment of certain lands owned by the State of New York in the Town of Denning, Ulster County. They further seek to require these assessments to be fixed in the same amounts as if the properties were privately owned and at the same percentage of full valuation as other taxable realty in the town. By stipulation dated February 11, 1982, two separate proceedings were submitted to Special Term for determination as a single motion and cross motion for summary judgment covering assessments for both the 1980-1981 and 1981-1982 tax assessment rolls.
By prior decision dated November 14, 1980, this court determined respondent’s objections in point of law. It granted the motion to dismiss the petition insofar as it sought review pursuant to article 7 of the Real Property Tax Law, and denied same insofar as it sought dismissal of the article 78 proceeding. Thereafter, upon renoticing this matter at Special Term, and for reasons not entirely clear, *929 the matter was referred to this court for a determination on the merits.
The proceeding seeks to review the procedure by which respondents purport to exercise their statutory authority to review assessments made by local assessors. “The question is not whether the petitioners’ assessments are fair. The question is whether the respondents have established reasonable procedures which allow them to certify to the Comptroller, values in amounts as if State-owned lands were privately and reduced to the prevailing percentage.” (Respondent’s letter memorandum of law, p 3.)
The petitioner is the sole assessor of the Town of Denning, Ulster County. As such, he assessed all forest lands within the town at a rate of $300 per acre. This assessment includes both State-owned and privately owned land. On the tentative assessment roll prepared on or about June 1, 1980, he assessed all such lands, both private and State-owned, at the $300 rate. He thereafter notified the State Board of Equalization & Assessment of the assessment for the State-owned parcels within 10 days after the filing of said roll. These notices were received by respondent on June 8, 1980. Without having received the assessor’s tentative assessment, respondent initiated its own appraisals and forwarded to the assessor, “indicated assessments” of the State-owned lands. The record establishes that respondent did not review the assessments of the Town Assessor, or compare the private and State assessments to insure equality. Significantly, it established its own valuation prior to receipt of any tentative assessments from the assessor. It never compared the tentative assessments of the State-owned lands with the tentative assessments of privately owned land. It contends that “on the basis of expert staff and modern data processing, the respondents determined that the said indicated assessments correspond to statutory standards.”
Section 542 of the Real Property Tax Law provides that State lands which are subject to taxation must be valued as if they were privately owned. They must be assessed at the same percentage of full valuation as other taxable real property in the assessing units. The statute provides that “the assessors shall notify the state board of the amount of *930 any assessment of such state lands. Thereafter * * * each such assessment shall be approved by the state board in such an amount as will place it at the same percentage of full valuation as other taxable real property in the assessing unit. No such assessment shall be valid for any purpose without the approval of the state board”. (Emphasis supplied.) Thus, the statute contemplates that the assessors will in fact do the assessing, with the function of respondent limited to approval thereof. In the case at bar, respondent has utilized a method by which, in the first instance, it notifies the assessors of the valuation which it deems acceptable. This is a clear usurpation of the powers strictly delegated to local assessors by the Legislature. “While the Legislature has plainly given SBEA the power to act as a procedural oversight agency, it has clearly demonstrated an intent not to allow that body to become an active participant in the local assessment process. Such powers have been specifically reserved to the local assessors”. (Matter of State Bd. of Equalization & Assessment v Kerwick, 72 AD2d 292, 299.) In the case at bar, were respondents’ procedure to be ratified, they would become even more than an “active participant” in that they would be allowed to dictate in the first instance, the acceptable assessment of State-owned land. This, both the Legislature and the Appellate Division have prohibited.
For the reasons hereinabove set forth, this proceeding shall be remanded to the respondents to review the assessments of the State-owned lands in the Town of Denning, pursuant to the tentative assessment rolls heretofore received by respondent, with said review to be conducted pursuant to the requirements of section 542 of the Real Property Tax Law.