OPINION OF THE COURT
Alfred H. Kleiman, J.
The petitioners, dental societies, comprised of dentists throughout New York City, pursuant to CPLR article 78,-seek review and nullification of a particular directive issued by the New York City Department of Health, dated August 14, 1981. The directive in question requires all radiation installation licensees (of which petitioners are included) to make available for staff examination in each installation (e.g., dental office) “complete, current copies of Article 175 of the New York City Health Code,” and states that nonavailability of copies of this article is a violation of subdivision (a) of section 175.01 [s¿c] (§ 175.10, subd [a]) of the code, and “that enforcement of this mandate will be implemented after October 1, 1981.”
*529 Section 175.10, as relevant to the matter at bar, provides as follows:
“(a) Posting of notices to workers:
“(1) Each licensee and/or registrant shall post current copies of the following documents:
“(i) the regulations in this Article * * *
“(2) If posting of a document specified in subparagraph (1), (ii) and (iv) of paragraph (1) of this subsection is not practicable, the licensee and/or registrant may post a notice which describes the document and states where it may be examined.
“(3) A current copy of the notice to employees prescribed by the Department shall be posted by each licensee and/or registrant wherever individuals work in or frequent any portion of a controlled area.
“(4) Documents, notices of forms posted pursuant to this section shall appear in a sufficient number of places to permit individuals engaged in work under the license and/or registration to observe them on the way to or from any particular work location to which the document applies, shall be conspicuous, and shall be replaced if defaced or altered * * *
“(b) Instructions to workers”.
The petitioners urge the court to find that the issuance by respondents of the directive in question was arbitrary and capricious (CPLR 7803). More specifically, they have argued in their papers and in oral argument before this court that it is both impractical and unreasonable to require every dentist to post in his office the entire article 175 of the Health Code comprising 88 pages, particularly when only a fraction of article 175 is applicable to dental offices; that it is equally unfair and unreasonable to require each dentist to purchase the entire Health Code at a cost of at least $24; that sufficient compliance could be had, as provided by section 175.10 (subd [a], par [2]) by the posting of a notice describing article 175 and stating where such document may be available; and that the directive in question has no relationship to the legitimate interests of the City Health Department in protecting the health of the populace.
*530 The respondents contend that while a merely descriptive notice as provided for under section 175.10 (subd [a], par [2]) may be posted, article 175 requires the availability, at each installation (e.g., dental office) of the entire article 175; that such requirement serves the legitimate interests of the people in safeguarding them from emergency situations concerning radiation and also is commensurate with the mandate under article 175, of instructing employees using radiation equipment as to health protection problems involving radiation; and that the provisions concerning notice and posting of article 175, as required through the August 14, 1981 directive, are parallel to Federal and New York State regulations regarding radiation installations. It is further asserted by respondents that the petitioners, by the instant proceeding, are improperly asking the court to reverse legislation, and in so doing, have failed to state a cause of action under CPLR article 78.
Proceeding first to dispose of this last issue raised, the court notes, as has the Appellate Division, Third Department, that “[wjhile as a general proposition legislative actions are not reviewable by article 78 proceedings’’^ such a challenge is clearly permitted where petitioners “do not seek to challenge the constitutionality of the statute but the legality of administrative action thereunder.” (Matter of Town of Arietta v State Bd. of Equalization & Assessment, 37 AD2d 431, 432, 432-433; see, also, Matter of Town of Arietta v State Bd. of Equalization & Assessment, 80 AD2d 956.) Similarly, the petitioners herein are not questioning the constitutionality of section 175.10 of the Health Code itself, but rather the respondent’s August 14, 1981 directive and, therefore, the respondent’s interpretation of section 175.10 of the Health Code as requiring the directive in question. The court has no doubt that relief by way of a CPLR article 78 petition is available to the petitioners, and that this matter should now be. resolved on its merits.
In this or any CPLR article 78 proceeding, “the proper test to be applied is whether there is a rational basis for the administrative order. The courts cannot interfere unless the action complained of is arbitrary and capricious” (Matter of City of Rome v New York State Health Dept., 65 AD2d 220, 224; see, also, CPLR 7803, subd 3). The “arbitrary or *531 capricious” test used in review of exercise of discretion by the administrative tribunal chiefly involves whether a particular action should have been taken or is justified and whether such action is without foundation in fact. (Pell v Board of Educ., 34 NY2d 222, 231.) The courts have traditionally been reluctant to interfere with the determinations of administrative bodies where they are made in good faith and with some measure of justification. Accordingly, this court will adhere to the majority view that CPLR article 78 proceedings will be successful in only the clearest of cases where an abuse of authority is present.
Further, it is necessary for the petitioner to demonstrate that the actions of the respondent, Commissioner of the Department of Health, City of New York, were both willful and unreasonable action without consideration or in disregard of facts or without determining principle (Matter of Elwood Investors Co. v Behme, 79 Misc 2d 910, 913). More precisely, whether the directive of article 175 of the Health Code of the City of New York is arbitrary and capricious will rest on the extent of correlation between it and the provisions of section 175.10 it purportedly carries out.
While the respondents concur with petitioners that section 175.10 (subd [a], par [2]) allows the posting of a notice describing a particular document (e.g., art 175) where posting of that document is not practicable, the respondents perceive the subsequent paragraphs (3) and (4) as nevertheless mandating the availability in each dental office of article 175. This court must accept this interpretation of the Department of Health. The commissioner’s interpretation of a regulation is controlling and will not be disturbed in the absence of weighty reasons (Matter of Sigety v Ingraham, 29 NY2d 110, 114).
Petitioner’s contention that respondent has taken action in excess of its own regulations cannot be sustained. It is settled law that a determination reached by the commissioner arrived at by a broad application of specific statutory terms is not to be disturbed if it has a reasonable basis and is not arbitrary and capricious (Matter of Park East Land Corp. v Finkelstein, 299 NY 70, 75; see Matter of Fink v Cole, 1 NY2d 48, 53).
*532 In applying these principles to the instant case it is noted that the objective of article 175 as a whole and section 175.10 in particular in the words of the introductory notes “aims to protect the public generally, as well as workers in certain radiation installations, from the hazards inherent in the use of ionizing radiation.” Section 175.10, besides providing for the posting of notices under subdivision (a), provides, pursuant to subdivision (b), for “instructions to workers”. The need for instruction is also stressed in subdivision (c) of section 175.04, which requires that all radiation equipment be “operated or handled only by individuals adequately instructed and competent to safely use such radiation equipment or other radiation sources.” The individual charged with the responsibility of supervision of those persons using radiation equipment is the professional practitioner (e.g., dentist) in possession of such equipment (§ 175.04, subd [e], par [5]).
Any regulation that will result in minimizing the risks inherent in radiation exposure are compelling. People are exposed to radiation in various degrees and frequencies as a normal part of clinical treatment. Radiation workers are more directly affected. In view of these realities this court finds it difficult to challenge any efforts by respondent to minimize the risks of emergency situations.
Further still, there is another consideration to be made in viewing the regulation in issue. It cannot be ignored that the respondent’s directives involve not only city regulations but involve State and Federal regulations as well. In view of this fact it is conceivable that the commissioner has promulgated the enunciated directives in light of possible financial ramifications in the event that the city does not comply with Federal regulations. This alone is sufficient to find the actions of the respondent are not arbitrary and capricious.
Nonetheless, in view of the obvious import of the subject matter addressed by article 175 (§ 175.10, subd [b]) of the Health Code, it would seem to this court that these directives alone cannot reasonably be expected to insure the effectiveness of their objectives.
It is not just the employee, but it is also the patient that this article and its directives is seeking to protect. What *533 directives are there that will assure that the employee has been adequately instructed? What directives are there that will assure that the regulations will be read? And if read, understood? Considering the seriousness of the stibject matter, what directives are there that will assure the public that all radiation equipment is operated by individuals competent to safely use same (§ 175.04, subd [c])? All that appears to be mandated is that a copy of article 175 be available for inspection in a dentist’s office. If the objectives of respondent are as important as they appear to be, would not some regulations requiring the employer to certify that the employee has been properly instructed in these regulations? As pointed out in oral argument the regulations are not only directed at licensed operators, dentists or hygenists but also nurses and secretaries, etc.
The potential safety and health problems surrounding the use of radiation equipment are real, and the respondents are charged with serious responsibilities in this area. It i,s hoped that more effective directives can be formulated to fulfill these responsibilities. This is the responsibility of the executive branch of our government, not the courts. In the meantime, however, if but one employee chooses to read the regulations that will be easily accessible to him or her (and learn something from them), the minimal expense to all members of the dental societies resulting from the directive under review may be considered to have some salutary result. The argument that compliance with the directive requires each dentist to purchase the entire Health Code at a cost of at least $24 is a frivolous one. As respondents concede the directive will be satisfied if the limited number of applicable pages is posted or available in each office.
While this court has expressed its reservations as to the effectiveness of the directive in attaining its objectives, for the reasons cited it cannot say that the commissioner’s determination was arbitrary and capricious. Accordingly, the relief sought by the petitioner is denied, provided however that the enforcement of the mandate is stayed until 60 days after service of a copy of the order to be settled herein. The order shall include therein the recommended relevant pages of the Health Code required to be *534 posted or made available in each office, together with a suggested notice prescribed by the Department of Health pursuant to section 175.10 (subd [a], par [2]). (The latter may avoid further unnecessary litigation.)