In the Matter of TOWN OF SHANDAKEN, Appellant, v STATE
BOARD OF EQUALIZATION AND ASSESSMENT, Respon-
dent.

Third Department, December 8, 1983

APPEARANCES OF COUNSEL

*John Lynch* for appellant.

*Robert Abrams,* Attorney-General (*Nancy A. Spiegel* of
counsel), for respondent.

OPINION OF THE COURT

SWEENEY, J. P.

Petitioner Town of Shandaken was ordered by the Su-
preme Court in 1977 to assess all real property within its
borders at 100% of actual value. In assessing the extensive
State forest lands within its borders, petitioner's assessors
arrived at a figure of $14,061,740 while respondent State

Board of Equalization and Assessment (SBEA) maintained that the State land was worth only $10,863,370. In addition, a matter which was the subject of administrative review in early 1981 was whether respondent had applied the proper equalization rate to assessment roll figures. In June, 1981, petitioner filed its tentative tax roll, which included tentative assessments of State forest land within its borders. Respondent had previously prepared its own calculations of the acceptable assessments on those lands. These calculations were mailed to petitioner. Petitioner returned the calculations to respondent with petitioner's figures entered in the tentative assessment column. Petitioner valued the State forest land at $19,874,655 while respondent valued it at $15,899,720, a decrease of $1,217,765 from the previous year. After receiving petitioner's figures, respondent increased its assessment to $16,516,600, which still represented a reduction of $617,380 from the previous year.

Petitioner commenced this CPLR article 78 proceeding seeking a judgment modifying the assessments and ordering respondent to approve such modified assessments. Respondent's answer challenged the form of the proceeding on the ground that the SBEA's action in approving assessments under section 542 of the Real Property Tax Law is legislative in nature. Special Term's decision converted the article 78 proceeding to an action for declaratory judgment pursuant to CPLR 3001. Special Term also dismissed petitioner's complaint, declaring that the "procedures followed by the SBEA * * * are valid and in compliance with the statutory criteria in Real Property Tax Law §542, and are reasonably applied". This appeal ensued.

■ At the outset, we reject respondent's argument that the instant controversy is not justiciable. Contrary to respondent's assertions, petitioner's pleadings before Special Term challenged not only the substantive result of the SBEA's assessment, but the procedures followed by respondent. We further note that the issues presented herein are not moot as urged by respondent. While respondent no longer sends out advance assessments (see *Matter of Kerwick v New York State Bd. of Equalization & Assessment*, 114 Misc 2d 928), the advance assessment challenged

herein as arbitrary and capricious still stands and affects petitioner's interest. We also disagree with respondent's contention that the instant controversy is not justiciable as either an article 78 proceeding or as a declaratory judgment action. It is true that a proceeding under article 7 of the Real Property Tax Law is the exclusive avenue for review of specific assessments of property by respondent (*City of Mount Vernon v State Bd. of Equalization & Assessment,* 44 NY2d 960, 962). However, this case presents a dispute as to the interpretation of a statute, section 542 of the Real Property Tax Law, and the restriction of relief to a proceeding under article 7 does not, therefore, apply (*Matter of Town of Arietta v State Bd. of Equalization & Assessment,* 80 AD2d 956, 957, affd 56 NY2d 356; *Matter of Town of Arietta v State Bd. of Equalization & Assessment,* 37 AD2d 431, app dsmd 30 NY2d 771).

Petitioner also argues that it was improper to convert the article 78 proceeding to an action for declaratory judgment. As petitioner can receive the demanded relief in the form of a declaration, any error in this regard is harmless.

We turn now to the substantive issues of the controversy. We find that respondent has exceeded its authority in making advance acceptable assessments of State lands. "[N]owhere has any statutory power been supplied to review or change individual property assessments * * * While the Legislature has plainly given SBEA the power to act as a procedural oversight agency, it has clearly demonstrated an intent not to allow that body to become an active participant in the local assessment process. Such powers have been specifically reserved to the local assessors as reflected by the provisions of article 5 of the Real Property Tax Law" (*Matter of State Bd. of Equalization & Assessment v Kerwick,* 72 AD2d 292, 299, affd 52 NY2d 557).

As we conclude that respondent had no power to make an original assessment of State lands, we find that the assessment made by petitioner's assessors is conclusive as to the valuation of the lands "as if privately owned" (Real Property Tax Law, § 542, subd 1).

The judgment should be modified, on the law, without costs, by vacating the second decretal paragraph of the

judgment and declaring that the procedures followed by the State Board of Equalization and Assessment are not in compliance with statutory criteria in section 542 of the Real Property Tax Law and are invalid and that the assessment made by petitioner's assessors is conclusive as to value, and, as so modified, affirmed.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Judgment modified, on the law, without costs, by vacating the second decretal paragraph of the judgment and declaring that the procedures followed by the State Board of Equalization and Assessment are not in compliance with statutory criteria in section 542 of the Real Property Tax Law and are invalid and that the assessment made by petitioner's assessors is conclusive as to value, and, as so modified, affirmed.