OPINION OF THE COURT
William F. O’Brien, III, J.
Petitioner Board of Education of the Canastota Central School District filed this CPLR article 78 petition seeking to overturn a determination by respondent Board of Assessment Review of the Town of Fenner (hereinafter Board of Assessment Review) that certain parcels of real property owned by respondents Russell Stone, Scott and Donna Griffin, and Robert Toole are exempt from school taxes because said real property is occupied by windmills owned and operated by respondent Canastota Windpower, LLC.
Statement of Facts
Petitioner, a central school district organized pursuant to the requirements of the New York State Education Law and lo *274 cated in Madison County, New York, adopted a resolution dated February 26, 1991, stating its intention to opt out of the real property tax exemption created by Real Property Tax Law § 487.[1] This resolution was filed in March of 1991 with respondent Town of Fenner Assessor and with the Madison County Department of Real Property Tax Services. Petitioner additionally claims that a copy of the resolution was filed with the New York State Department of Energy as required by RPTL 487 in 1991.[2]
Respondent Canastota Windpower is the operator of several wind energy producing devices which are located on the property of respondents Stone, Griffin and Toole within the Town of Fenner and the Canastota Central School District. In May of 2002, respondent Town of Fenner Tax Assessor released the tentative tax roll which assessed parcels improved by windmills and owned by respondents Stone, Griffin and Toole as taxable for the payment of school taxes as follows: Stone parcel 70-1-3.1, assessed value of $883,900, estimated school taxes of $18,729.84; Stone parcel 70-1-21.1, assessed value $893,400, estimated school taxes of $18,931.15; Toole parcel 69-1-37.1, assessed value $891,200, estimated school taxes $18,884.53; Griffin parcel 70-1-22.1, assessed value $865,800, estimated school taxes $18,346.30.
Respondent Canastota Windpower initiated a grievance against these assessments. On June 18, 2002, respondent Board of Assessment Review declared the four parcels to be tax exempt pursuant to RPTL 487. Respondent Board of Assessment Review did not issue a written decision to this effect but apparently based its decision upon information submitted by respondent Canastota Windpower indicating that petitioner had not opted out of the tax exemption provided by RPTL 487 as originally determined by respondent Assessor, specifically, a response to respondent Canastota Windpower’s Freedom of Information Law request to NYSERDA stating that NYSERDA had no record of petitioner’s resolution to opt out of the RPTL 487 exemption.
*275 Petitioner instituted this action to appeal from respondent Board of Assessment Review’s decision contending that it performed all the steps required by the statute when it resolved to opt out of the RPTL 487 exemption in 1991.
Relevant Law/Analysis
Proper Forum
As a threshold matter, respondents claim that petitioner’s choice of an article 78 petition is an improper forum to address the issues raised in the petition. Respondents contend that petitioner’s only avenue of recourse was a petition based upon article 7 of the Real Property Tax Law, which is the statute that establishes the framework within which a property owner may challenge the assessed value of his or her property.
The petition states that it seeks to reverse respondent Board of Assessment Review’s determination that the subject real property parcels are tax exempt because the determination was “in excess of [the Board of Assessment Review’s] jurisdiction, was made in violation of lawful procedure, was affected by error of law and/or was arbitrary and capricious and/or an abuse of discretion.” Notably, the petition makes no claim regarding the propriety of assessments of the property. Instead, the petition challenges respondent Board of Assessment Review’s jurisdiction to rule on the sufficiency of petitioner’s actions in opting out of the RPTL 487 exemption and the sufficiency of the evidence upon which respondent Board of Assessment Review based its determination. Neither of these claims implicates the straightforward assessment review contemplated by RPTL article 7. Where the questions, such as the ones presented here, allege more than erroneous determinations regarding some property values, an article 78 proceeding is a proper vehicle for resolving the dispute. (Matter of Dudley v Kerwick, 52 NY2d 542 [1981].)
Standing
Respondents also contend that petitioner lacks standing to pursue the claims presented in the petition because petitioner does not pay taxes on the subject real property parcels and has not suffered any direct harm as a result of respondent Board of Assessment Review’s determination. Respondents base this argument on the Court of Appeals decision in Matter of Colella v Board of Assessors of County of Nassau (95 NY2d 401 [2000]), which reiterated a two-part test for determining whether a party has standing to challenge governmental action: whether the challenging party (1) has suffered an injury in fact, and (2) *276 falls within the “zone of interest” promoted by the statutory provision under which the government agency has acted. (Colella, supra at 409-410.)
Colella’s analysis of the standing issue is not persuasive under the present facts. That case involved a group of individual property owners challenging the grant of tax-exempt status to another property owner. The Colella petitioners did not have a statutory right, as petitioner Canastota Central School Board has in the present case, to unilaterally nullify the exemption. Thus, the Court of Appeals determined that the Colella petitioners were no different than the general public with respect to harm suffered by the grant of the exemption and also were outside the statute’s “zone of interest.”
In the present case, the action of respondent Board of Assessment Review alleged in the petition would uniquely harm petitioner by nullifying the right to opt out of the RPTL 487 exemption, a right exclusively granted to school districts and municipalities by the statute. Furthermore, petitioner is within the “zone of interest” to challenge respondent Board of Assessment Review’s decision (which point respondents essentially concede) because the statute specifically names school districts as one of the affected entities. Thus, petitioner satisfies both ends of the inquiry and has standing to challenge respondent Board of Assessment Review’s decision.
Justiciability
Similarly unavailing is respondents’ argument that the petition is nonjusticiable because petitioner does not have the power to challenge respondent Board of Assessment Review’s determination that petitioner never opted out of the RPTL 487 exemption. Respondents cite several cases standing for the proposition that a school district lacks the power to question the assessment values listed in the tax roll prepared by the assessor or the methods employed by the assessor in computing those values. (City of Mount Vernon v State Bd. of Equalization & Assessment, 44 NY2d 960 [1978]; see also, Matter of District Three IUE Hous. Dev. Fund Corp. v Buckley, 74 Misc 2d 1078 [Sup Ct, Rensselaer County 1973]; Xerox Corp. v Town of Webster, 131 Misc 2d 817 [Sup Ct, Monroe County 1986].)
In making such an argument, respondents incorrectly characterize the petition as a challenge to the assessments levied upon the subject real properties. Each of respondents’ cases deals with the power of a municipality to question how much tax will be paid on a particular parcel of real property. The core issue of the present petition is whether any tax may *277 be levied on the subject real properties. More specifically, the question is whether respondent Board of Assessment Review abused its discretionary powers or acted arbitrarily and capriciously in reaching its determination that petitioner did not opt out of the RPTL 487 exemption. That determination was, purportedly, based upon respondent Board of Assessment Review’s interpretation of RPTL 487 (8) as requiring school districts who opt out of the exemption to file the resolution declaring such intent with the appropriate state agency. Since the petition questions both respondent Board of Assessment Review’s interpretation of the statute and the evidence upon which it apparently made its determination, the issue is justiciable and is properly addressed by an article 78 proceeding. (Matter of Town of Shandaken v State Bd. of Equalization & Assessment, 97 AD2d 179 [3d Dept 1983], affd 63 NY2d 442 [1984].)
The Merits of the Petition
Respondents’ remaining argument concerns the merits of petitioner’s claim, namely, that petitioner failed as a matter of law to satisfy the filing requirement of RPTL 487 (8), which states that a resolution adopted by a municipality or school district intending to opt out of the exemption “shall be filed” with the appropriate state agency. In the context of this preanswer motion to dismiss, the petition must be read as if all of its factual allegations were true since the court’s role is only to determine if the petition states a cognizable cause of action. (Matter of Manupella v Troy City Zoning Bd. of Appeals, 272 AD2d 761 [3d Dept 2000].)
Accepting as true the statement made at lines 9 and 9 (a) of the petition that petitioner properly opted out of the RPTL 487 exemption by adopting a resolution to that effect and filing it with the required state agencies, the action of respondent Board of Assessment Review in overturning respondent Assessor’s finding that the subject parcels of real property were taxable would have no basis in fact or law. As such, the petition does state a viable claim, subject to petitioner’s ability to prove that it complied with the statutory requirements in opting out of the exemption.
Accordingly, for the reasons set forth, respondents’ motion to dismiss the petition is denied.

. RPTL 487 (2) provides an exemption from real property taxes for “[rjeal property which includes a solar or wind energy system approved in accordance with the provisions” of the statute. However, RPTL 487 (8) allows a local municipality or school district to “opt out” of, or nullify, the exemption by adopting a resolution stating its intent to opt out and filing the resolution with the appropriate state agency.

. The Department of Energy was dissolved in 1996 and replaced by the New York State Energy Research and Development Authority (NYSERDA), which became the agency with which the statute required filing of opt out resolutions under RPTL 487.